# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine corporation, | Case No.: 2:07-cv-390-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Abstain and to Dismiss–#9) |
| MONIKA I. HUMPHREY, | |
| Defendant. | |

Before the Court is Defendant's **Motion to Abstain and to Dismiss** (#9), filed September 24, 2007. The Court has also considered Plaintiff's Opposition (#15, Errata #16), filed October 17, 2007, and Defendant's Reply (#17), filed November 5, 2007.

## BACKGROUND

Defendant purchased a policy for disability insurance from Plaintiff in the year 2000. In 2004, Defendant became disabled. Plaintiff honored the policy and made disability payments for a time before Plaintiff determined to rescind Defendant's policy based upon her alleged misrepresentations in her policy application. Allegedly, Defendant did not list treatments she had received for back problems, headaches, dizziness, parasthesia, spinal stenosis, and

1

possible multiple sclerosis.  Defendant alleges that she had fully informed Plaintiff's alleged agent Kyle Sorensen, who actually filled out the policy application form for Plaintiff.

Plaintiff sent Defendant a check on September 14, 2006, representing the full amount of premiums paid on the policy.  Plaintiff informed Defendant that cashing the check would constitute an agreement to rescind the policy.  Defendant appealed the rescission decision to the insurance company and her appeal was denied with a reiteration of the reasons for rescinding the policy in a letter dated December 19, 2006.

After a few months Plaintiff recognized that Defendant had not yet cashed her check.  Plaintiff then sent a letter, dated March 9, 2007, informing Defendant that the check was void after sixty (60) days but if she wanted to still receive the proffered amount Plaintiff would be willing to write another check for the same amount.  This letter also informed Defendant that if she did not respond to Plaintiff by March 26, 2007, then Plaintiff would be required to file the instant Complaint to have the policy rescinded pursuant to Nevada law.  Plaintiff's letter also encouraged Defendant to seek legal counsel before responding.

On March 26, 2007, Plaintiff filed the instant action seeking a rescission of the policy.  On April 27, 2007, Defendant filed a state court action against Plaintiff for breach of contract, breach of duty of good faith and fair dealing, and breach of other statutory duties.  Defendant's state court complaint also alleged negligence against Kyle Sorenson for incorrectly filling out the policy application.

For the reasons set forth below, the Court denies Defendant's Motion.

**DISCUSSION**

**I.  Standard**

The Declaratory Judgment Act, 28 U.S.C. § 2201, confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  Thus, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than

an absolute right upon the litigant.'" *Id.* at 287 (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Therefore, the Supreme Court has held that if a district court determines "after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288. This applies even when the federal case was filed in anticipation of a coercive suit. *Id.* at 282 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)). Federal courts should generally decline to entertain reactive declaratory actions. *Gov't Employee Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). *Id.*

However, a concurrent state court action "does not, of itself, require a district court to refuse federal declaratory relief." *Id.* Furthermore, "[a]n action to rescind an insurance contract is distinct from an action merely to interpret an insurance contract." *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir. 1997). Therefore, "when other claims are joined with an action for declaratory relief [e.g. recission] the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225. A district court is "without discretion to remand or decline to entertain" a cause of action for rescission because of its "'virtually unflagging' obligation to exercise jurisdiction over these claims." *Id.* at 1226 n.1 (quoting *First State Ins. Co.*, 113 F.3d at 163).

**II.  Recission Action**

Defendant tries to characterize the instant action as reactionary and as a pure declaratory action. The Court disagrees with both characterizations. The action is not reactionary because the Complaint was filed a month before Defendant's state court action. Furthermore, the case was filed almost seven months after Defendant was first notified by letter of the reasons Plaintiff wanted to rescind the policy. Defendant's denied appeal was followed by a renewed offer to refund the premiums and a notice that failure to accept the offer by March 26, 2007, would result in the instant action to seek rescission. Plaintiff therefore merely filed the action on schedule with its notice.

1  Furthermore, "[a]n action to rescind an insurance contract is distinct from an action merely to interpret an insurance contract." *First State Ins. Co.*, 113 F.3d at 163. Plaintiff's action seeks rescission of the policy as a claim for relief pursuant to NRS § 687B.110. This statute allows an insurer to void a policy when "the application contains an incorrect statement that was material to the insurer's acceptance of the risk, issuance of the policy, or to the terms of the policy issued." *Foremost Ins. Co. v. Bowden*, 2006 WL 1966745, *4 (D. Nev. 2006) (citing *Randono v. CUNA Mut. Ins. Group*, 106 Nev. 371, 373, 793 P.2d 1324 (1990)).

Therefore, pursuant to the reasoning of the Ninth Circuit in *Dizol* and *First State Ins. Co.*, the Court has no discretion to dismiss or abstain in this instance. Accordingly, Plaintiff's Motion is denied.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Abstain and to Dismiss (#9) is DENIED.

Dated: January 15, 2008.

_____
**ROGER L. HUNT**
**Chief United States District Judge**